UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

MICHAEL E. G.,[1]                           )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        No. 4:25-cv-00069-KMB-TWP
                                            )
                                            )
FRANK BISIGNANO,                            )
                                            )
                    Defendant.              )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Michael E. G. applied for disability and disability insurance benefits from the

Social Security Administration ("SSA") on December 15, 2021, alleging an amended onset date

of March 1, 2020.   [Dkt. 8-2 at 19.]   Administrative Law Judge Jody Odell (the "ALJ") issued a

decision on March 28, 2024, concluding that Michael was not disabled and therefore not entitled

to receive the requested benefits.   [*Id.* at 16.]   The Appeals Council denied his request for review

on February 10, 2025.   [*Id.* at 2.]   On April 16, 2025, Michael timely filed this civil action asking

the Court to review the denial of benefits according to 42 U.S.C. § 405(g) and 28 U.S.C. § 1361.

[Dkt. 1.]

### I. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot

obtain work because of a physical or mental disability."   *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinion.

(2019).   Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision.   *Stephens*, 888 F.3d at 327.   "[S]ubstantial evidence" is "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'"   *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154).   "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled."   *Stephens*, 888 F.3d at 327.   Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'"   *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)).   "[E]ven under [the] deferential standard of review for social security disability cases, an [ALJ] must provide a logical bridge between the evidence and [the] conclusions."   *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022) (internal quotations omitted).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)).   The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).   "If a claimant satisfies steps one, two, and three, [the claimant] will automatically be found disabled.   If a claimant satisfies steps one and two, but not three, then [the claimant] must satisfy step four.   Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy."  *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe."  *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling."  *Id*.   The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and if not, at Step Five to determine whether the claimant can perform other work.   *See* 20 C.F.R. § 404.1520(a)(4)(iv), (v).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits.  *Stephens*, 888 F.3d at 327.   When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy.  *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021).   Typically, a remand is also appropriate when the decision is not supported by substantial evidence.  *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

## II. BACKGROUND[2]

Michael was 49 years old when he applied for disability benefits. [Dkt. 8-2 at 26.]

---

[2] The relevant evidence of record is set forth in the Parties' briefs and need not be repeated here. Specific facts relevant to the disposition of this case are discussed below as necessary.

He previously worked as a chief guard, material handler, security guard, and industrial truck operator.   [*Id.*]

The ALJ followed the five-step evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and concluded that Michael was not disabled.   Specifically, the ALJ found as follows:

- At Step One, Michael has not engaged in substantial gainful activity since March 1, 2020, the alleged onset date. [Dkt. 8-2 at 21.]

- At Step Two, Michael has the following severe impairments: aortic aneurysm, cardiomyopathy, asthma, and obesity.  [*Id.*]

- At Step Three, Michael does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* at 22.]

- After Step Three but before Step Four, Michael has the RFC "to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs; frequently balance, stoop, kneel, crouch, and crawl; never climb ladders, ropes, or scaffolds; should have no more than occasional exposure to extreme cold, extreme heat, humidity, and pulmonary irritants such as concentrated fumes, odors, dusts, and gasses.  The claimant can never be required to work around unprotected heights, hazardous moving mechanical parts, or be required to operate a motor vehicle." [*Id.* at 23.]

- At Step Four, Michael is unable to perform any past relevant work.  [*Id.* at 26.]

- At Step Five, relying on testimony from the vocational expert ("VE"), and considering Michael's age, education, and RFC, there were jobs that existed in the national economy that Michael could have performed through the date of the decision, including inspector/hand packager, small product assembler, and mail clerk.  [*Id.* at 26-27.]

### III. DISCUSSION

Michael raises one issue for the Court's review:  whether the ALJ failed to explain why the omitted lift and/or carry limitation was rejected and failed to properly present all the limitations in questions to the VE.   [Dkt. 13.]   This question presents two related issues, and the Court will address each in turn for purposes of clarity.

### A.    Rejection of Dr. Przybyla's Lift and/or Carry Restriction

In his opening brief, Michael contends that the ALJ's opinion is not based on substantial evidence because the ALJ failed to provide an explicit rationale for rejecting Dr. Przybyla's opinion pertaining to Michael's lift and/or carry restriction  [Dkt. 13 at 6.]  Dr. Przybyla opined that Michael could occasionally lift and/or carry 15 pounds and frequently lift and/or carry 10 pounds, due to back pain and distal aortic aneurysm.  [Dkt. 8-3 at 19-21.]  Dr. Przybyla further indicated that Michael's push and/or pull was limited beyond his lift and/or carry.  [*Id.* at 20.] The ALJ found Dr. Przybyla's opinion partially persuasive, finding no basis for the additional push and/or pull limitations due to evidence in the medical record indicating that Michael retained full strength and mobility in his extremities.  [Dkts. 8-2 at 26; 8-7 at 239.]  The ALJ ultimately determined that Dr. Przybyla's findings placed Michael within the light range of exertion,[3] which involves occasional lifting of no more than 20 pounds at a time.   Michael argues that Dr. Przybyla's lift and/or carry limitation was based on Michael's distal aortic aneurysm and Dr. Przybyla's expertise as a cardiologist rather than any weakness in Michael's extremities.   Thus, Michael contends that the ALJ's rationale for rejecting the push and/or pull limitations does not also justify rejecting the lift and/or carry restriction.  [Dkt. 13 at 7.]

In response, the Commissioner contends that the ALJ "more than met," [dkt. 15 at 4], the minimal articulation requirement by "carefully explain[ing]" why she found Dr. Przybyla's opinion to be only partially persuasive and found no basis for Dr. Przybyla's restriction on push and/or pull based on the medical record.  [*Id.* at 5-6.]  The Commissioner additionally asserts that Michael's argument amounts to asking the Court to "reweigh the evidence," a task that this Court

---

[3] "[L]ight work" involves lifting no more than 20 pounds at a time, with frequent lifting or carrying of up to 10 pounds.  20 C.F.R. § 404.1567(b).

cannot do.  [*Id.* at 7.]  The Commissioner further argues that Michael failed to demonstrate that he required greater limitations than determined by the ALJ or that he would be incapable of performing any of the identified occupations cited by the VE.  [*Id.* at 5, 8.]  The Commissioner concludes by arguing that an ALJ maintains responsibility for assessing a claimant's RFC, and that the ALJ "fulfilled her duty" by resolving conflicts in the medical evidence.  [*Id.* at 9.]  Thus, the Commissioner contends that the ALJ's determination of Michael's RFC was based on substantial evidence.  [*Id.*]

In his reply brief, Michael reiterates his argument that the ALJ's RFC finding is deficient because the ALJ failed to include Dr. Przybyla's lifting and/or carrying limitation of 15 pounds occasionally.  [Dkt. 16 at 1.]  Michael ultimately argues that the ALJ determined that the lift and/or carry discrepancy was "insignificant" without any support or explanation, leaving the ALJ's determination unsupported by substantial evidence.  [*Id.* at 2-3.]

"Although the RFC assessment is a function-by-function assessment ... the expression of a claimant's RFC need not be articulated function-by-function; a narrative discussion of a claimant's symptoms and medical source opinions is sufficient."  *Knox v. Astrue*, 327 F. App'x. 652, 657 (7th Cir. 2009) (internal quotations omitted).  Furthermore, the ALJ is "not required to address every piece of evidence or testimony presented, but must provide a 'logical bridge' between the evidence and his conclusion."  *Gedatus v. Saul*, 994 F.3d 893, 901 (7th Cir. 2021).  Put more directly, an ALJ "is not required to spell out in the record every piece of evidence that he considered and then accepted or rejected."  *See Crowell v. Kijakazi*, 72 F.4th 810, 815 (7th Cir. 2023).

In assessing Michael's RFC, the ALJ expressly considered Dr. Przybyla's opinion that Michael could lift up to 15 pounds occasionally and 10 pounds frequently.  [Dkt. 8-2 at 25.]  The

ALJ found Dr. Przybyla's opinion to be partially persuasive, explaining that it generally supported a limitation to light work, but the record did not support Dr. Przybyla's additional push and/or pull limitations because Michael retained "full strength and mobility" in his extremities. [*Id.* at 26; dkt. 8-7 at 239.] The ALJ also considered Michael's abdominal aortic aneurysm and noted that, during multiple visits with a vascular surgeon, Michael denied unusual back pain. [Dkt. 8-2 at 24-25.] While the Court agrees that the ALJ could have more clearly explained why she adopted the regulatory lifting limit for light work (20 pounds occasionally) rather than Dr. Przybyla's 15-pound limitation, the record is clear that the ALJ did not overlook that limitation. Instead, the ALJ expressly identified it, evaluated Dr. Przybyla's opinion, and concluded that the doctor's findings, considered alongside the other medical evidence, supported light work. After reviewing the record, the Court concludes that was enough in this case. *See Thorlton v. King*, 127 F.4th 1078, 1083 (7th Cir. 2025) (citing *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (emphasizing the "generous standard of review afforded to ALJ decisions" and affirming an ALJ's decision even after acknowledging that while the ALJ could have said more, "multiple times over we have emphasized that social-security adjudicators are subject to only the most minimal of articulation requirements")).

This is not a case where the ALJ summarily ignored the lift and/or carry restriction in determining Michael's RFC. *Cf. Jarnutowski v. Kijakazi*, 48 F.4th 769, 776 (7th Cir. 2022) (finding that the ALJ failed to "sufficiently explain why she discredited evidence…" when stating only that the doctor's opinion was "inconsistent with the longitudinal record" and "failing to point to any direct evidence… that rebuts [the doctor's] opinion…"); *Roddy v. Astrue*, 705 F.3d 631, 636-37 (7th Cir. 2013) (finding an omission where the ALJ failed to explain why [the doctor's opinion] … [was] inconsistent with [the ALJ's] findings"). Rather, in finding Dr. Przybyla's

opinion partially persuasive, the ALJ recognized the doctor's opinion that Michael is "able to lift up to 15 pounds occasionally" and "can occasionally push or pull with the bilateral upper and lower extremities…" before concluding that Dr. Przybyla's findings place Michael "within the light range of exertion." [Dkt. 8-2 at 25-26.]  Given the well-established minimal articulation requirement and because the Court can trace the path of the ALJ's reasoning here, the Court finds no reversible error on this point.

### B.     VE Testimony

Michael raises a related issue, contending that the ALJ failed to communicate the lift and/or carry restriction to the VE, which Michael argues was error since the ALJ allegedly did not provide an "express reason" for rejecting the restriction. [Dkt. 13 at 7.]  The ALJ asked the VE to assume that the hypothetical individual could work at the "light exertional level," [dkt. 8-2 at 48], without describing any additional exertional limitations, including on lifting and/or carrying. [Dkt. 13 at 7.]  Michael then asserts that because his exertional level "falls between two rules which direct opposite conclusions" (*i.e.*, "not disabled" in the higher "light work" category and "disabled" in the lower "sedentary work" category),[4] Michael relies on SSR 83-12, which addresses situations in which a claimant's exertional capacity falls between two rules in the Medical-Vocational Guidelines. [Dkt. 13 at 8.]

When presenting the hypothetical to the VE and assessing the claimant's RFC, the ALJ "must incorporate all of the claimant's limitations supported by the medical record." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015) (citing *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014)); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir. 2004) ("If the ALJ relies on

---

[4] Michael's assertion is based on the VE's testimony that Michael did not acquire any skills from previous work that would have transferred to "sedentary work," thus directing a finding of "disabled" if Michael were limited to sedentary work category. [Dkt. 13 at 8-9.]

testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record.").

The Court finds that its conclusion on the previously addressed issue guides its analysis on this issue too. Specifically, because the Court has affirmed the ALJ's determination that Michael's exertional limitations were not supported by the medical record, the Court concludes that in these circumstances, the ALJ was not required to provide the lift and/or carry restriction in the hypothetical presented to the VE. *See Deborah M. v. Saul*, 994 F.3d 785, 791 (7th Cir. 2021) (affirming an ALJ's decision not to include certain limitations in the RFC or hypothetical "because [the ALJ] determined that they were not supported by the medical record"). Thus, the Court concludes that Michael has not shown reversible error on this issue.

## IV. CONCLUSION

The standard for disability claims under the Social Security Act is stringent. *Plessinger v. Berryhill*, 900 F.3d 909, 911 (7th Cir. 2018). "The Act does not contemplate degrees of disability or allow for an award based on partial disability." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010) (citing *Stephens v. Heckler*, 766 F.2d 284, 285 (7th Cir. 1985)). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.* Taken together, the Court can find no legal basis presented by Michael to reverse the ALJ's decision that he was not disabled during the relevant period. Therefore, the ALJ's decision is **AFFIRMED**. Final judgment shall issue accordingly.

**SO ORDERED**.

Date: 8/3/2026

*Kellie M. Barr*

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

9

Distribution

All ECF-registered counsel of record via email